IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RAYMOND A. BUTLER, JR.,

    Defendant.

8:22-CR-94

ORDER ON MOTION TO VACATE UNDER 28 U.S.C. § 2255

    This matter is before the Court on initial review of the defendant's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 86. On September 27, 2023, the Court sentenced the defendant to a 96-month term of incarceration for possessing a firearm as a convicted felon, Filing 84 (Judgment), which was the low-end of the range permitted under a Rule 11(c)(1)(C) plea agreement, Filing 75 (Plea Agreement). The plea agreement states in relevant part,

> The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:
>   (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.
>   (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

Filing 75 at 4. The defendant's Motion does not fit into either of these exceptions, as the Motion does not allege ineffective assistance of counsel nor identify any appellate caselaw that finds "that the charge to which the defendant [agreed] to plead guilty fails to state a crime." *See generally* Filing 86 (attacking the sentence on jurisdictional, venue, and standing grounds). As such, the defendant's collateral attack is barred by the waiver provision in his plea agreement. The Eighth Circuit has explained that "a defendant is allowed to waive appellate rights" including "section

2255 collateral-attack rights." *United States v. Floyd*, 931 F.3d 709, 711 (8th Cir. 2019) (holding that a "§ 2255 appeal waiver foreclose[d]" a § 2255 motion").[1]

In addition, even if the defendant had not waived his collateral-attack rights, his Motion would still fail on the merits. Section 2255 "provides a remedy for jurisdictional and constitutional errors." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). However, the defendant's identified "errors" are foreclosed by caselaw. The defendant's bases for relief are that Congress lacks the power to criminalize conduct "occurring within the municipal jurisdiction of Omaha, Nebraska," Filing 86 at 1–5, that only "if the offense is committed on federal property, a Court of the United States has venue," Filing 86 at 6–8, and that this Court is a "legislative court" rather than "a Constitutional Article III Court," Filing 86 at 9. These arguments are all plainly meritless, and the constitutionality of his conviction is established by controlling precedent. *See United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024) (upholding the constitutionality of 18 U.S.C § 922(g)(1), the statute under which the defendant was convicted).

Further, the Court will not issue a certificate of appealability. No appeal may be taken on a § 2255 motion unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a

---

[1] An exception to this rule, not relevant here, is where "enforc[ing] a waiver . . . would result in a miscarriage of justice." *Floyd*, 931 F.3d at 711. This is a "limited ineffective assistance exception" that is not implicated by the present Motion because the defendant does not allege ineffective assistance of counsel. In any event, enforcing the collateral attack waiver in this case would not "result in a miscarriage of justice," as the defendant's claims are plainly contrary to existing caselaw and therefore meritless.

petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's decision debatable: the defendant expressly waived his right to collaterally attack his sentence. Controlling precedent squarely establishes that such waivers are valid, so long as they do not apply to claims of ineffective assistance of counsel, *see Floyd*, 931 F.3d at 711, which the defendant does not allege, *see generally* Filing 86. Therefore, the Court will not issue a certificate of appealability. Accordingly,

IT IS ORDERED:

1. The defendant's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 86, is denied; and

2. The Court will not issue a certificate of appealability.

Dated this 5th day of December, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge